UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES STANLEY WATTS,**

v.  Case No.: 8:11-cv-2015-T-24TBM
  8:09-cr-312-T-24TBM

**UNITED STATES OF AMERICA.**

## AMENDED ORDER[1]

This cause is before the Court upon Petitioner Charles Stanley Watts's unopposed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. Section 2255. (Civ. Dkt. 1; Cr. Dkt. 68.)

**I.  Background**

Petitioner pled guilty to possession with intent to distribute five grams or more of cocaine base, a violation of 21 U.S.C. Section 841(a)(1). On September 28, 2010, Petitioner was sentenced to 120 months' imprisonment. (Cr. Dkt. 60.) After sentencing, the Government filed a Motion to Reduce Sentence pursuant to Federal Rule of Criminal Procedure 35(b), due to his substantial assistance. The Court granted the motion and departed two levels to a guideline level of 19, criminal history VI. (Cr. Dkt. 63.) The Court re-sentenced Petitioner to 63 months' imprisonment, and an Amended Judgment was entered on May 25, 2011. (Cr. Dkt. 64.)

---

[1] This order amends the final sentence of the final paragraph of the order entered by the Court on September 13, 2011 (Civ. Dkt. 3; Cr. Dkt. 69), regarding instructions to the Clerk for entry of judgment. The substance of the order remains unchanged.

On September 2, 2011, Petitioner, represented by counsel, timely filed the instant unopposed Section 2255 motion. Petitioner moves to vacate his conviction and sentence on the ground that he did not receive the benefit of the Fair Sentencing Act of 2010 ("FSA").

## II.   Discussion

On August 3, 2010, Congress enacted the FSA. Petitioner was originally sentenced on September 28, 2010, after the effective date of the FSA. At the time of sentencing, the Court did not apply the FSA, mistakenly believing that the FSA applied to criminal conduct committed on or after August 3, 2010, rather than to defendants sentenced on or after August 3, 2010.

Subsequently, the Eleventh Circuit Court of Appeals held that the FSA applies to all defendants sentenced for crack cocaine offenses on or after August 3, 2010, regardless of when the offense conduct occurred. *United States v. Rojas*, 645 F.3d 1234 (11th Cir. 2011). Therefore Petitioner should have received the benefit of the FSA when he was sentenced on September 28, 2010, and again when the Court re-sentenced Petitioner on May 25, 2011.

## III.  Conclusion

Accordingly, having considered the unopposed motion, along with the case file, the Court has determined that the motion must be **GRANTED**.

On September 28, 2010, the Court made the following Guideline findings:

> Total Offense Level:   21
>
> Criminal History Category: VI

The applicable Guideline calculations after the FSA are as follows:

> Total Offense Level: 15
>
> Criminal History Category: VI

Range of Imprisonment: 41 to 51 months

On May 25, 2011, the Court reduced Petitioner's sentence and departed two levels based on the Government's Rule 35 motion and Petitioner's substantial assistance. Applying a comparable reduction to the guideline range applicable after the retroactive application of the FSA would result in a total offense level 13, and a range of imprisonment of 33 to 41 months.

Therefore, Petitioner's previously imposed sentence of 63 months' imprisonment is reduced to 33 months' imprisonment. All other terms and provisions of the Amended Judgment entered on May 25, 2011 shall remain the same. The Clerk is directed to enter judgment in favor of Petitioner and against the United States in the civil case, and to close the civil case. Furthermore, the Clerk is directed to prepare a second amended criminal judgment and to enter it in the criminal case.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of September, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record